11-266-ag
Zheng v. Holder

BIA
A073 648 002

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of May, two thousand twelve.

PRESENT:
>  RALPH K. WINTER,
>  JOSEPH M. McLAUGHLIN,
>  REENA RAGGI,
>     *Circuit Judges.*

_____

BING DUAN ZHENG
>  *Petitioner,*

>  v.                                          11-266-ag
>                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>  *Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Blair T. O'Connor, Senior
                       Assistant Director; Kathryn L.
                       Moore, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Bing Duan Zheng, a native and citizen of the People's Republic of China, seeks review of a January 11, 2011, order of the BIA denying his motion to reopen. *In re Bing Duan Zheng*, No. A073 648 002 (B.I.A. Jan. 11, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case. We have reviewed the BIA's denial of Zheng's time- and number-barred motion for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).

An individual ordinarily may file only one motion to reopen and must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). However, the time and number limitations do not apply to a motion to reopen if it is "based on changed country conditions arising in the country of nationality . . . if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii). Zheng does not dispute that his motion was time- and number-barred, but argues that he

2

has demonstrated materially changed country conditions to excuse the time and number limitations. However, the BIA reasonably denied Zheng's motion to reopen, concluding that he had demonstrated a "continuation" rather than a "change in the suppression of religious activity" by the Chinese government.

Zheng's argument that the BIA erred in relying on background evidence that pre-dates his asylum hearing is unavailing. *See* 8 C.F.R § 1003.2(c)(1)*; see also Norani v. Gonzales*, 451 F.3d 292, 294 & n.3 (2d Cir. 2006).

Zheng's argument that the BIA erred in citing the statistic that 90 million Christians worship in China, and that it did not consider favorable background materials in finding he had established a "continuation" rather than a "change" in country conditions is further unavailing. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 171 (2d Cir. 2008). The evidence supports the BIA's conclusion that religious oppression in China is a continuation of existing policy, as the 2009 Department of State International Religious Freedom Report ("2009 DOS Report") states that government "officials *continued* to scrutinize, and in some cases harass, registered and unregistered religious and spiritual groups" (emphasis added) and the 2009 Congressional-Executive Commission on China ("2009 Congressional Report") describes

3

the Chinese government's "*continued* control [of] religious practices and repress[ion] of religious activity outside state-approved parameters" (emphasis added).  Thus, while the record does demonstrate some increase in anti-religious activities in the run up to and in the wake of the 2008 Beijing Olympics, the BIA's conclusion is supported by substantial evidence and entitled to deference.

Finally, we need not reach Zheng's argument that he established his *prima facie* eligibility for relief, both because the BIA's changed country conditions finding was reasonable and because the BIA declined to reach this issue.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4